EASTERN DIST.
January, 1832.

BELL ET ALS.
vs.
WILLIAMS.

---

## BELL ET ALS. *vs.* WILLIAMS.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

A clerical error in the return of a sheriff, will not vitiate it.

The record of appeal must be filed on the return day, or within three days after, although by the rules of court, the cause cannot be tried for some time after.

In this case, a motion was made to dismiss the appeal on certain grounds, which are stated in the opinion of the court, delivered by *Porter, J.*

A motion is made to dismiss the appeal in this case, on the following grounds.

1. Because the appellees have not been cited.

2. Because the appeal was not made returnable on a day on which appeals can be made returnable, viz: the first day of the term.

3. Because the record was not filed, until more than a month after the return day.

We think the appellees have been cited. The sheriff returns that he served a copy of the citation on one of the *appellants*, S. C. Bell. The mistake committed in denominating the party on whom the service was made *appellant*, is corrected by giving the name of the individual, with whom the copy was left. The designation of the person controls the description of his character in this suit. Service on one of the members of a commercial firm was sufficient. *Code of Practice*, 198.

*A clerical error in the return of a sheriff, will not vitiate it.*

The second objection we have not formed a positive opinion on, the third we consider well taken.

The appeal was returnable the third Monday of December, and it was not returned until the first Monday of January. In an ordinary case, there can be no doubt, this would be a fatal objection. It has been attempted to take this case out of the general rule, on the ground of the court having appropriated the first portions of the months of January and March, to the trial of causes coming from certain districts, from one of which, this appeal is taken. But this arrangement, which was adopted for the convenience of that section of the state, has made no change in the terms of the court. And appellants must now, as heretofore, make their causes returnable to the next term of the court, and after doing so, they must file them on the return day, or within three judicial days after. The appellee has the right to presume the appeal is abandoned if this be not done, and the Code of Practice positively confers on him the power of demanding a certificate of the record not being filed, on which he may require execution from the court of the first instance.

*The record of appeal must be filed on the return day, or within three days after, although by the rules of court the cause cannot be tried for some time after.*

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.