CHANDLER vs. WITHERSPOON.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, THE JUDGE OF THE
FOURTH PRESIDING.

An answer to the merits which follows an exception on the same paper, to the manner in which the appeal is brought up, cannot be considered as a waiver of the objection.

The three days given to the appellant after the time allowed him to file the record, are days of grace, within which he is entitled to the benefit of his appeal.

The rules of law which govern negotiable bills and notes, have no application to instruments which are not in that form.

This suit was brought to recover the amount of a promissory note, executed by the defendant in favor of one James Bowie. The note (which was not negotiable) was ei dor;ed in blank by the payee and two other persons. The plaintiff sued as assignee; and, on the trial of the cause, moved the court for permission to write over the endorsement of the payee an assignment in his favor; which was refused, and a bill of exceptions taken. The plaintiff, having offered no other evidence than proof of the signature of the payee, endorsed on the back of the note, there was judgement of nonsuit, and the plaintiff appealed.

PORTER, J., delivered the opinion of the court.

A motion is made to dismiss this appeal. The appellant contends it is made too late, an answer having been put in on the merits, and the cause set for trial.

The joinder in error by the appellee on the merits, follows an exception on the same paper to the manner in which the appeal is brought up. This proceeding was perfectly regular, and an answer, under such circumstances, cannot be considered as a waiver of the objection.

The appeal was returnable the first Monday of February, and it was filed in the office of the clerk of this court on the 13th of that month. The first Monday of February was the

sixth, and the record was delivered on the succeeding Monday, which was the third judicial day after that on which the appeal was made returnable. The 589*th article of the Code of Practice* gives to the appellant three days after the time allowed to him to file the record. In the case of *Rost* vs. *St. Francis Church*, we held there were three days of grace, within which the appellant might still have the benefit of his appeal. 5 *Martin, N. S.* 192.

The suit is brought on an obligation which is not negotiable, neither the words "order," or "bearer," being inserted in it. It is endorsed in blank by the payee, and in the same manner by two other persons whose names follow each other on the back of the instrument. The plaintiff, in the petition, states himself to be the assignee of the payee, and first endorser; and further avers, that the said payee assigned, sold and delivered the obligation to him.

On the trial of the cause, the plaintiff demanded permission to write over the signature of the payee an assignment in his, the plaintiff's favor. The court refused him permission to do so, and he took a bill of exceptions.

No other evidence being offered by him to prove the assignment and delivery of the note, judgement of nonsuit was rendered against him, and he appealed.

The obligation on which the suit is instituted not being negotiable, the rules of law which govern bills and notes of the latter description, have no application to it. We do not know (apart from commercial usage) what right the plaintiff has, at the time of trial, to make out his title by changing, or adding to the instrument which is the basis of the action, and commercial usage does not regulate paper not negotiable. We think the judge did not err in refusing the permission asked for. The record presents no evidence of the assignment, and

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed with costs.

*Nicholls*, for appellant. *Wheeler*, for appellee.