### KIRKMAN ET AL. *vs.* BUTLER.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE PARISH OF CONCORDIA, THE JUDGE OF THE SECOND PRESIDING.

If the term to which the appeal is made returnable, entirely fails, it will be *in time* to file the record within the first three judicial days of the succeeding term.

Where there was no entire failure of the term, to which an appeal was returnable, and the court was opened on three several days, although it transacted no business, yet the record should have been filed within that time, and not having been done, the appeal was dismissed.

This was an action of debt. At the June term of the Concordia court, 1837, judgment was rendered against the defendant, and he appealed. The appeal was made returnable to the 1st Monday of October, 1837, to the Supreme

Court, at Alexandria. There was no regular business transacted at this term, in consequence of prevailing sickness, and other causes, but the court opened on Friday, the 5th day of the term, and adjourned to the next day. It then adjourned over to Tuesday,. when it adjourned for the term, having been opened three several days, making three judicial days.

The record in this case, was not filed, until the 1st Monday in October, 1838.

*M'Guire*, for the plaintiffs and appellees, moved to dismiss the appeal, on the ground that the record was not filed in time.

*Downs, contra.*

*Martin, J.,* delivered the opinion of the court.

The dismissal of the appeal in this case, is asked for, on the ground that it was made returnable to the 1st Monday of October, 1837, and the record was not filed until one year thereafter.

The appellant has referred us to the cases of *Rost* vs. *St. Francis's Church,* 5 *Martin, N. S.,* 191, and *Wells's Heirs* vs. *Lamothe,* 10 *Louisiana Reports,* 410. In both these cases the terms to which the appeals were made returnable, entirely failed, (to wit: October term, 1825 and 1835,) but the transcripts of the records, were filed within three judicial days at the following terms.

The present case is very different. In October, 1837, there was no entire failure of the court; but there were three judicial days, to wit: the 6th, 7th, and 10th of October. It is true, no business was done at this term on account of prevailing sickness, and an internal commotion. The counsel for the appellant, contends, that this circumstance ought to be received as an excuse for the delay. Neither the sickness or the commotion excited much alarm, until several days after the first day of the term. The court did not meet until the fourth, and its sitting was protracted to the eighth day of the term, during which there were three judicial

If the term to which the appeal is made returnable entirely fails, it will be *in time* to file the record within the first three judicial days of the succeeding term.

Where there was no entire failure of the term, to which an appeal was returnable, and the court was opened on three several days, although it transacted no business, yet the record should have been filed within that time; and not having been done, the appeal was dismissed.

days. There was, therefore, sufficient time to file the record, which might have been done, even on the days the court did not sit, by filing them with the clerk.

The appeal must, therefore, be dismissed with costs.