DÉSORMES' HEIRS *vs.* DÉSORMES' CURATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF POINTE COUPEE.

Where third persons, not parties to the original suit, claim the right to appeal, and their capacity to appear, or interest in the matter before the court, *is denied*, the case will be remanded to try this issue.

In this case the curator of the estate of J. Baptiste Désormes, filed an account or tableau of distribution, in the Court of Probates, and demanded its homologation. Two oppositions, only, were filed, which were partly admitted, and the tableau thus amended, was confirmed by a judgment of the court.

Paulin Désormes, and the under tutor of Laurent Désormes, then came forward and prayed an appeal; alleging that they are the only legal and forced heirs of J. B. Désormes, deceased, and their rights greatly injured and prejudiced by said judgment.

*L. Janin*, for the curator and appellee, moved to dismiss the appeal, on the following grounds:

1. That the appeal was made returnable on Monday, September 4, 1839. The order was dated August 21, 1839. Without any application on the part of the appellant, (as far as appears from the record) the judge made, on September 14, 1839, a new order, immediately under the former, which he did not rescind; thereby making the appeal returnable on Monday, November 4, 1839. The appellee was cited to appear on the last mentioned day. But the judge had no right to make the second order; the first alone stands, and the appellee was consequently cited to appear after the return day. According to the decision in Laville *vs.* Righter, the appeal must be dismissed. 11 *Louisiana Reports*, 199.

2. Because, even if the second order had been valid, the record which under that order ought to have been filed on the fourth Monday of November, was only filed on December 11, 1839, and no application was made to the court for leave

DESORMES'
HEIRS
vs.
DESORMES'
CURATOR.

to file it after that day. *Pond* vs. *Horton*, 7 *Louisiana Reports*, 177.

3. It will be seen that the record is not certified as containing all the evidence, and that the appellants rely on errors apparent on the face of the record. (See their points.) That being the case, the appeal must be dismissed, because the record was brought up on December 11, 1839, and the assignment of error was filed more than ten days afterwards, viz: on December 27, 1839. The law is imperative on this subject. *Code of Practice*, 897 ; 1 *Louisiana Reports*, 52 ; 6 *Louisiana Reports*, 144, 156, 209.

4. The appellants have not alleged in their petition of appeal, that they have a pecuniary interest in the judgment ; 4 *Martin*, 622, 342. If the appellants are indeed the children of the deceased Désormes, they ought, first, to show that they have been recognized as such, and as his heirs; until then they have no right to demand an account. *Stein* vs. *Bowman, curator,* 9 *Louisiana Reports*, 284. And they ought, furthermore, to aver that they claim as heirs and accept the succession ; that they have not done, and Laurent Désormes could not do so without the advice of a family meeting and the authorization of the Court of Probates. All these matters ought at least to have been alleged ; until then, the appellants have not even made an averment of interest.

*Turner and Flower,* for the appellants, assigned various errors on the face of the record :

1. The judgment was rendered without citation and without proper parties; there being no party defendant.

2. There was no trial between the plaintiff and any defendant ; the collateral issue did not authorize a judgment in the principal cause.

3. The account rendered by the curator, should have shown the amount of the estate in his hands, and which it has not done in a sufficient and proper manner.

4. The judgment, homologating the account, was given without proof, although it consisted of many items. If any

testimony was given, it was not taken down by the judge, nor were any vouchers exhibited, and this the law requires in all cases heard and decided in the Probate Court.

*Morphy, J.*, delivered the opinion of the court.

This is an appeal from an order of the Court of Probates, homologating an account rendered by the appellee as administrator of the estate of J. B. Désormes. The appellants, Paulin Désormes and Laurent Désormes, were not parties in the court below, but have taken this appeal on their suggesting that they are the sole surviving legal and forced heirs of the late J. B. Désormes, and that the judgment contained errors to their injury and prejudice. It is denied that they have shown in themselves any pecuniary interest which authorizes their intervention, or that they have qualified themselves to appeal by proving the capacity in which they appear before this court. To try the isssue thus presented, would be to assume original jurisdiction in relation to it, even if we had before us the necessary evidence, which we have not. The case must, therefore, be remanded. 10 *Louisiana Reports*, 438; 6 *Martin, N. S.* 307.

It is, therefore, ordered, that this cause be remanded to the Court of Probates, with directions to the judge to inquire into appellant's claim to this appeal.