DAVID THOMAS, Administrator, *v.* AUGUSTIN BOURGEAT, Executor.

An action against the estate of a deceased administrator, to recover a balance due to the estate which he administered, must be brought in the Probate Court under whose authority the estate of such administrator is being settled, and not in the Court of Probates of the parish in which the first succession was opened; the former court alone being empowered to ascertain and order, contradictorily with the other creditors of the estate of such administrator, the payment of any claims against it. A judgment of the latter court, would not conclude the estate of such administrator, nor his other creditors; nor could any balance it might find to be due by his estate, be paid without an order of the former court. During his life, the administrator was amenable to the latter, and might have been compelled to render an account of his administration; but after his death, any balance, due by him to the estate he administered, became a debt due from his estate, and its payment could only be ordered by the Probate Court in which his succession was opened.

An attorney's fee, for services in making out the accounts, and attending to the defence of a suit against the succession of a deceased administrator, instituted before the court in which such succession was opened, for a balance due to the estate which he administered, cannot he charged to the latter estate. It is only when an account is regularly rendered by the representative of an estate, in the court under whose authority it is administered, that the expense attending it, is chargeable to the estate.

The payment of interest at ten per cent a year, under the act of the 13th of March, 1837, requiring executors, administrators, &c., to render full accounts of their administration at least once in every twelve months, under the penalty of dismissal from office, and of paying interest at that rate, on all sums for which they may be responsible, from the expiration of the twelve months, is a part of the penalty, and necessarily coupled with the removal from office, and one cannot be imposed without the other. The penalty prescribed by this act, can only be inflicted in cases expressly provided for.

APPEAL from the Parish Court of Pointe Coupée, *T. J. Cooley*, J.

*Muse*, for the appellant.

*Stevens*, for the defendant.

BULLARD, J. The succession of James Williams being opened in the parish of West Feliciana, James H. Mix was appointed administrator, but died before he had completed his administration, or rendered any account. Whereupon, Thomas, the present plaintiff, was appointed as his successor, and prosecutes this suit against the estate of Mix, represented by Bourgeat, his testamentary executor, to recover the balance due by the testator to the estate of Williams.

The suit was properly brought in the Court of Probates of the parish of Pointe Coupée, although the estate of Williams was administered under the authority of the Probate Court of West Feliciana, which alone had power to order the payment of claims against the estate. Whatever balance was due by the estate of Mix to the estate which he had administered, could only be ascertained and liquidated by the Court of Probates under whose authority the former was administered, contradictorily with the other creditors; and if his executor had settled the account in the Probate Court of West Feliciana, such balance could not have been paid without the order of the court of Pointe Coupée, nor would its liquidation have concluded the estate of Mix, or his other creditors. Courts of Probate have exclusive power to decide on claims for money which are brought against successions administered by curators, executors, or administrators, and to establish the order of privileges and mode of payment. Code of Practice, 924, No. 13.

Undoubtedly, Mix, in his lifetime, was amenable to the jurisdiction of the court of West Feliciana, and might have been compelled by that court to render his account as administrator. But on his death, without having rendered such account, the balance due to Williams' estate, became a debt due by that of Mix, and could only be decided upon, and its payment ordered by the Probate Court of the parish of Pointe Coupée. This manner of proceeding is not free from difficulty, it is true. If Mix paid any debts of the estate of Williams without authorization, and it should turn out that the estate is insolvent, it is clear he paid at his peril. But in the present case there

Thomas, Administrator, v. Bourgeat, Executor.

are no means of ascertaining how far he paid in his own wrong, if at all.    If it should turn out that he did so, the creditors to whose prejudice the payments may have been made, have their remedy upon the bond.

The plaintiff in the present case, is appellant from the judgment rendered in the Court of Probates, and complains of certain allowances made to the prejudice of the estate, which we will proceed to notice, after disposing of a motion to dismiss the appeal.    The ground of that motion is, that the heirs of Williams, who had been cited on the demand of the defendant, were not made parties to the appeal.    But it appears that they excepted to the jurisdiction of the Court of Probates, that their exception was sustained, and that they were no longer parties when the judgment was rendered; nor has the party who called them in thought proper to appeal, or to make them parties.    They are therefore without interest, and the motion to dismiss is overruled.

The first objection, is to item No. 4, on the ground that it is not a privileged claim, and that the estate is insolvent.    According to the views above expressed, the Probate Court of Pointe Coupée could not decide, whether that claim was privileged, or how much of it the late administrator was authorized to pay, as it relates to other creditors.    All just claims paid by him ought to be allowed, subject to the condition of refunding, if it should afterwards appear that any part was wrongfully paid, to the prejudice of other creditors, and subject to the action of such other creditors upon the bond, or otherwise.    This reasoning applies to several items, which were finally allowed by the Probate Court, upon the ground that the estate of Williams was shown to be solvent.    Some other items were objected to, on the ground that the payments were made by Mix before his appointment as administrator; but the court, in our opinion, did not err in allowing them.    It was incumbent on the representative of Williams' estate to show that the payments were made with the funds of Williams, otherwise they were a first charge against his succession.

The attorney's fee of $250, for assisting the defendant in making out his account, and attending to this suit, ought to have been, in our opinion, rejected.    It is at most only when an account is regularly rendered by the representative of an estate, in the court

under whose authority it is administered, that the expenses attending the rendering of it, are to be paid out of the estate. We can see no good reason why the estate of Williams should pay counsel's fees in this case, any more than in defending any other claim.

The court also erred, in our opinion, in allowing as a credit the sum of $1107 61, paid to the Canal Bank, on the bond of Williams and wife, on the 12th April, 1834. The original receipt on the bond does not show that the payment was made by Mix, in any capacity. A subsequent receipt was given by the cashier, from which it would seem that Mix had paid the money, but it does not appear that he was administrator at the time, nor is the fact that Mix in truth paid the money, supported by the oath of the cashier. Better evidence would have been the statement of a witness on oath,

The other questions of fact in the record, appear to have been correctly decided. The court, however, gave interest on the balance found due at the rate of ten per cent per annum, under the sixth section of the act of 1837, which requires executors, administrators, &c., at least once in twelve months, to render a full account of their administration, under the penalty of being dismissed from office, and paying interest at that rate on all sums for which they shall be responsible, from the date of the expiration of the twelve months. We are of opinion that this statute is inapplicable in the present case. Such a penalty can be given only in cases expressly provided for, and as the payment of the interest forms a part of the penalty, and is necessarily coupled with a removal from office, the one cannot be given without the other. Nor is it justified by the fact that the price of property sold, belonging to the estate of Williams, bore interest after maturity at ten per cent. That stipulation would affect the purchasers but not the administrator of the estate, who may have received payment from them.

It is therefore ordered that the judgment of the Court of Probates be reversed, and ours is that the plaintiff recover of the estate of J. H. Mix, $4605 53, with interest at five per cent from judicial demand, and the costs of the District Court, as well as those of this appeal, to be paid in the due course of administration, subject to the same restriction as is contained in the judgment of the Court of Probates, relative to the Brandon debt.

On an application, by the counsel of the defendant, for a re-hearing of this case, so far as relates to the claim of $1107 61.

BULLARD, J. It is ordered that the judgment in this case be so amended, as to reserve to the defendant the right of claiming from the estate of Williams, the sum of $1107 61, alleged to have been paid by Mix to the Canal Bank, if any such right he have.