MATHIAS RODRIGUEZ, Syndic, v. PIERRE DUBERTRAND and another.

Wherever his domicil may be, a syndic of the creditors of an insolvent is always amenable to the court under whose authority he was appointed, and to whom he is accountable for his administration. By accepting the appointment, he waves any right to except to the jurisdiction on the score of domicil. So, where a syndic has been removed, an action against him for a balance due to the creditors, is properly brought before the court seized of the *concurso.*

In an action by the syndic of the creditors of an insolvent, against a former syndic, to recover a balance due to the estate, evidence is inadmissible to prove payments to the creditors not sanctioned by an order of court. Such evidence, if admitted, would not be conclusive against the creditors, contradictorily with whom the claims, alleged to have been paid, must be proved, as well as their rank and privilege.

In an action by the syndic of the creditors of an insolvent, against a former syndic, by whom payments had been made, before the act of the 13th of March, 1837, to the creditors of the estate without an order of court, but without fraud ; *Held,* that the defendant should be allowed an opportunity to prove, contradictorily with the creditors, that he had discharged debts due by the insolvent, and that in so doing he did no injury to the creditors still unpaid, which can only be done on the filing of a tableau of distribution by the new syndic ; and *judgment* against the latter for the whole amount received as syndic, with a stay of execution on giving security for the payment of any balance which it may appear, on the filing of the final tableau of distribution by the new syndic, that he has no right to retain.

The penalties imposed by the act of 13th March, 1837, amending the act relative to the voluntary surrender of property, are only applicable to cases arising subsequent to its promulgation.

A mortgage creditor, who buys the property subject to his mortgage, cannot be compelled to pay the purchase money, which he is entitled to receive by preference.

APPEAL from the District Court of Ascension, *Duffel,* Parish Judge, presiding.

This case was submitted to the court on the following points :

*Miles Taylor,* for the plaintiff. 1. The suit was properly brought before the court having jurisdiction of the insolvency. 2 Moreau's Dig. p. 424, secs. 1, 12, 14, 30, 33, 34. Ib. p. 437, secs. 2, 7. Code of Pract. 130, 162, 164, 165, 997. 2. The proceedings being subsequent to the act of 13th March, 1837, the plaintiff is entitled to interest at thirty per cent a year, from the 13th of October, 1837, the date of the judgment ordering a meeting of

the creditors for the appointment of other syndics in place of the defendants.

*Ilsley* and *Nichols*, for the appellants. 1. The court below erred, in overruling the exception to its jurisdiction, the defendants being domiciliated in New Orleans, and the action being against them, in their individual capacities, for alleged misconduct. Not being embraced in art. 165 of the Code of Pract., they are suable only before the courts of their domicil. Code of Pract. 162. 3 La. 137. *Poydras* v. *Taylor et al.* 18 La. 17. 2. The court erred, in rejecting evidence of the payments made to the creditors of the insolvent; if improperly made, before the homologation of a tableau, the defendants were subrogated to the rights of the creditors they had paid. 3 Mart. 308. 3. The act of 13th March, 1837, applies only to cases subsequent to its promulgation.

MORPHY, J. This action is brought by the syndic of the creditors of Pierre Amirati, of the parish of Ascension, against Pierre Dubertrand and Henry Hopkins, former syndics of the estate, appointed in 1835, but subsequently removed from office in due course of law. The petitioner seeks to recover the sum of $33,500, which, he alleges, came into the hands of the defendants from the sale of the property surrendered by the insolvent. He also claims interest thereon, at the rate of thirty per cent per annum, from the time it was so received, on the allegations, that the defendants have never deposited the monies belonging to the estate in any chartered bank, as required by law, and that since they have been divested of their office, they have retained the same in their hands and refused to pay the amount over to the new syndic. The defendants, residents of New Orleans, excepted to the jurisdiction of the court, on the score of commorancy. This exception having been overruled, they answered, averring, that as syndics of Amirati, they received jointly certain monies; but that they diligently discharged their duties according to law, and faithfully paid over to the creditors of the insolvent all the monies so received, according to a tableau, or account, which was filed by them in the District Court of the Second District, on the 10th of April, 1838. They further aver, that should the payments made by them, be considered irregular and illegal, they are subrogated to the rights of the creditors, whose claims they have discharged; and that they are legally entitled to

deduct from the money they have received, the amount that will be really due to them on a final distribution; and they aver, that on the filing of the account, which they annex to their answer, as a part of it, they had actually paid $27,551 19.

There was a judgment below against the former syndics, each for one half, for $33,444, with ten per cent on said amount, and the costs incurred in effecting the appointment of the present syndic; reserving to them their right of action against the petitioner, for the recovery of the amounts they may have paid irregularly to the creditors, for the benefit of the insolvent's estate, as being subrogated to the rights of such creditors, with ten per cent thereon. The defendants appealed.

The judge, in our opinion, correctly overruled the plea of the defendants to his jurisdiction. In whatever parish his domicil may be, a syndic is always amenable to the court before whom the failure is pending, under whose authority he is appointed, and to whom by law he is accountable for his administration. If he has a different domicil from that of the insolvent, he waives his right to make any exception on that ground, when he accepts the appointment; and subjects himself to the power and supervision of the court, seized of the *concurso.* But the defendants, it is said, are sued, not as syndics, but in their individual capacities, in order to make them liable for alleged misconduct. It appears to us, that it is in the capacity of syndics, that they are sued. The object of the present action is to obtain the reimbursement of the funds they received as such, and the payment of a per centage, which the law inflicts on them as a penalty for their failure to comply with the duties of their office. This penalty, we apprehend, is to be pronounced by the court, under whom they hold their appointment, and before whom all the proceedings in relation to their removal have taken place.

It is next urged, that the court erred in refusing to permit the defendants to introduce evidence, to show that they made payments to the creditors of the insolvents, which, although not sanctioned by law, should avail them. We do not think that the court erred. Independently of the illegality of such payments, the evidence them, even if admitted, would not have been binding and sive on the creditors, contradictorily with whom the claims alleged to have been paid by the defendants, must be proved, as well

HARVARD SCHOOL LIBRARY

their rank and privilege. The defendants, therefore, could not, even on proving in this suit the sums paid by them, have been allowed to retain the amount as a deduction from the demand made against them. But, on the other hand, we do not think that, under the circumstances of this case, they should be absolutely decreed to pay to the new syndic the whole amount of such demand. It is true that, according to the strictness of law, the former syndics acted illegally in making payments without an order of court, rendered on a tableau of distribution, after due notice to the creditors; but, before the law of 1837, which has introduced more regularity in these matters, by laying down more definite rules, and denouncing heavy penalties against syndics failing to comply with its provisions, they were generally, we understand, in the habit of making those payments, which they considered as privileged, before filing their tableau, and taking the risk of the oppositions that might afterwards be made. These anticipated payments were sometimes beneficial to the mass of the creditors, as they extinguished large mortgage debts, on which high interest was running. The account which the defendants filed, before the *procès verbal* of the appointment of a new syndic was even notified to them, shows that out of a sum of about $33,000, received by them, they had paid off debts to the amount of $27,551 19, most of which purport to be privileged claims and mortgages, drawing interest at the rate of ten per cent per annum. These payments were, no doubt, irregularly made. If, however, on a tableau of distribution by the new syndic, it should appear that the sums thus paid were really due by the insolvent, and were not paid to the prejudice of claims of a higher dignity, equity would surely forbid, that the mass of the creditors should enrich themselves at the costs of the defendants, who are not charged with any dishonest or fraudulent acts.

If they should be entitled to be reimbursed for these payments, as we think they are, although not strictly legal, there would be great hardship in condemning them, in this suit, to pay to the new syndic the whole amount of the funds they received, together with a per centage thereon, when shortly after, this syndic, whose duty it would be to distribute the money without delay, would have to return to them the greatest part of it. There is some analogy between the situation in which the former syndics stand, and that of a

Rodriguez *v.* Dubertrand and another.

mortgage creditor who buys the property subject to his mortgage, and who is, therefore, himself entitled to the proceeds of the sale; and we have said that the latter should not be compelled to pay the purchase money, out of which he has the right of being paid by preference.   8 La., 301.   So, in the present case, we think the defendants ought not to be compelled to pay funds, which the syndic would have to reimburse to them shortly afterwards, should the defendants prove that they have discharged debts due by the insolvent, and that in so doing they have done no injury to the creditors who are yet unpaid.   They should be allowed an opportunity of making such proof, contradictorily with the creditors.   This can only be done, on the tableau of distribution to be filed by the new syndic.

As to the penalties created by the act of 1837, we concur in opinion with the judge *a quo*, that they can attach only to cases arising subsequent to its promulgation, and that this case should be governed by the statute of 1817.

It is, therefore, ordered, that the judgment of the District Court be so amended, that no execution shall issue for the sum of $27,551 19, and the ten per cent decreed to be paid thereon, provided, that within thirty days from the filing of this decree with the clerk of the court below, the defendants give, to the satisfaction of the district judge, good and sufficient security to pay said sum, or such portion thereof, as it shall appear, on the final tableau of distribution to be filed by the new syndic, that they have no right to retain on account of sums paid by them to the creditors of Pierre Amirati; the plaintiff and appellee paying the costs of this appeal.