DANIEL YARD and another *v.* THEIR CREDITORS.

Where money belonging to the estate of an insolvent, has been withdrawn from bank on the joint checks of the two syndics, and there is no proof of the amounts which they respectively received or retained, each will be presumed to have received one half.

The responsibility of the syndics of the creditors of an insolvent, is joint, not joint and several. C. C. 2983.

The penalty imposed by the act of 13th March, 1837, section 3, on syndics, curators, executors and administrators, for failing to comply with its provisions in regard to the depositing in bank of money belonging to the estates administered, is for the benefit of the estate, and not of any individual creditor.

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY, J.   On a rule taken by the widow of Blois, one of the insolvents, against the syndics in this case, to show cause why they should not pay to her the sum of $4222 25, as a privileged creditor by judgment, J. H. Field, one of the syndics, (Yard the other syndic having died in 1838,) was decreed to pay the whole amount of the claim, with damages on the same, at the rate of twenty per cent per annum, from the 37th of May, 1839, the date of the institution of the suit in the District Court to recover this amount, until paid.   From this decree, Field has appealed.

The evidence shows that when the syndics filed their tableau of distribution in January, 1836,* a sum of $10,000 was therein set apart and retained by them to meet this claim, and that of a minor son of Blois ; that the money was deposited in the Orleans Bank, from which it appears to have been withdrawn on the joint checks of Yard and Field, in the early part of 1836, without any order of court.   It is urged by the appellee that as the money could not have been drawn out of the Bank without the signature of Field on the checks, he must be held responsible for the whole amount of her claim on the estate.   We think differently.   There being no proof of what the syndics respectively received or retained, each must be presumed to have received one-half of the

---

* The tableau was fully homologated, and the funds of the estate ordered to be distributed in conformity thereto, on the 9th January, 1836.

Yard and another v. Their Creditors.

money thus withdrawn on their joint check. Under the decisions of this court, their responsibility is joint, not joint and several. 11 Mart. 532. 3 La. 535 and 596. Civ. Code, art. 2983. As to the damages of twenty per cent allowed on the debt, we do not consider them warranted by law. In the first place, the statute of 1837, under which they have been decreed, was passed long subsequently to the appointment of the syndics and the withdrawal of the funds from the bank. But even if this law could be made to apply to the present case, its words are such that the damages would seem to be given for the use of the estate administered upon, and not for that of any individual creditor; and the prohibition to withdraw funds deposited in bank seems to exist and continue only until a tableau of distribution shall have been homologated. When this has been done, as in the present case, the syndic or syndics can and must withdraw the money to pay the debts of the estate. If they fail so to apply it, they are personally liable to the pursuit of the creditors. B. & C. Dig. p. 498. sec. 3.

The evidence shows that Field paid to the widow of Blois $500 on account of her claim, a few days before the trial of this rule.

It is therefore ordered that the judgment of the District Court be reversed ; and it is further ordered that J. H. Field be, and he is hereby decreed to pay to the widow of Blois the sum of sixteen hundred and eleven dollars and twelve cents, with legal interest from the 27th of May, 1839, until paid, with costs below, those of this appeal to be borne by the appellee.

*Micou,* for the appellant. No counsel appeared for the appellee.