VICTOR DUPERRON *v.* JACOB C. VAN WICKLE, Sheriff, and others.

Since the act of 20th March, 1839, (sect 19,) amending the Code of Practice, no appeal will be dismissed on the ground that the transcript was not filed on the return day, where such transcript was filed before the motion to dismiss.

A sheriff must, at his peril, avoid seizing under execution property not belonging to the defendant.    It is not enough that he should presume, even on strong grounds, that it belongs to the latter ; he must know it.

One whose property is illegally seized under an execution against another person, is not bound, on being informed thereof, to give any notice to the sheriff.    He may, at once, seek relief by suit ; unless, to avoid costs, he choose to make an amicable demand.    And where the property has been sold by the sheriff, he will be entitled to recover, not the price at which it was sold, but its real value at the time.

In an action by a third person, against the sheriff and the plaintiffs in execution, for the value of property belonging to such third person, illegally seized and sold, and the proceeds of which had been applied in satisfaction of the execution, it will be no defence on the part of such plaintiffs that they did not authorize the seizure.    They are bound to indemnify those who have been injured by the party employed to make the amount of their execution.    *Qui sentit commodum, debet sentire et onus.*

APPEAL from the District Court of Pointe Coupée, *Nicholls,* J.

MARTIN, J.    The dismissal of this appeal is asked, on the ground that the transcript was not filed on the return day.    The counsel for the appellant urges, that the application is too tardy, as it was not made until after the transcript had been actually filed ; and he has referred us to the following authorities.    10 La. 502.    Ib. 506.    15 La. 15.    17 La. 113.    The appellee relies on 12 La. 535.    8 La. 206.    7 La. 176.    4 La. 67.    3 La. 251.    8 Mart. N. S. 184.    In the case of *Desormes' Heirs* v. *Desormes, Syndic,* 17 La. 115, we held that the cases in which the appeals were dismissed, although the transcript was filed before the dismissal was asked, " were decided previous to the act of the Legislature of March 20th, 1839, amending the Code of Practice, the 19th section of which cures the defects alleged, and if it does not, compels us to give the parties time to remove the objections. The appeal is, therefore, retained."

The defendants, the sheriff of the parish, and the plaintiffs in two writs of *fi. fa.,* are sued on the ground that the writs were executed on a quantity of cotton, which was not the property of

either of the defendants, but that of the present plaintiff. The defendants pleaded the general issue, and averred their inability to have known or discovered that the cotton seized was the property of the plaintiff. The co-defendants of the sheriff further pleaded that they never authorized him to seize any property of the plaintiff in execution of their judgment. There was a verdict and judgment for the plaintiff for $352, and all the defendants appealed, after an unsuccessful attempt to obtain a new trial. Our attention is drawn to a bill of exceptions, taken by the defendants' counsel, to the refusal of the judge to charge the jury, " that, if a legal presumption authorized the sheriff to believe that the cotton seized belonged to either of the defendants, and he did not know that it belonged to Duperron, and if Duperron was informed of the seizure of the cotton, and might have given and neglected to give notice of his claims to the sheriff, either verbally or by judicial proceedings, they should find for the defendants, although they should be of opinion that the cotton belonged to Duperron." Instead of this, the court instructed the jury that, " the plaintiff had two remedies, either to oppose the seizure and sale agreeably to the fifth section of the second chapter of the Code of Practice, or by instituting suit; that if he failed to have recourse to this opposition, he was not precluded thereby from instituting suit; and that if the jury were of opinion that the cotton belonged to him, they should give him a verdict, notwithstanding his having neglected to oppose the sale, or to notify the sheriff that the property was his." The court did not err. A sheriff must, at his peril, avoid seizing, under execution, any other property than that of the defendant. It is not enough that he should presume, even on strong grounds, that the property is the defendant's ; he must know it. A person whose property is illegally taken by the sheriff, as belonging to the defendant in an execution, is not bound, on receiving information of the fact, to give any notice to the sheriff. He may at once seek relief by a suit, unless he wishes to avoid costs, by making an amicable demand.

On the merits the plaintiff is in possession of a verdict.

The facts are, that he had rented a field, the property of the defendant in the *fi. fa.*, and that the sheriff seized the cotton raised thereon, to satisfy his co-defendant's execution. The plaintiff

worked six slaves on the field, and had the necessary oxen and farming utensils, but was aided by the defendant in execution, who had two slaves, and a woman with a small child. The testimony does not enable us to ascertain, whether he plaintiff was to remunerate the defendant in the execution, for the rent of the land and the labor of his slaves, by a portion of the crop, or otherwise. However, as he has restrained his claim to three-fourths of the cotton, we assume that one-fourth of it was the property of the latter. As the sheriff had great difficulty in ascertaining the rights of the parties to their respective portions of the crop, vindictive damages ought not to be given against him. It appears that the cotton sold for one cent and a half a pound in the seed; which, in our opinion, is equivalent to six cents of clean cotton; but the plaintiff is entitled to the value of his property illegally seized, and cannot be compelled to remain satisfied with the price at which the sheriff sold it. A witness deposes that he sold his cotton, that year, at eight cents a pound. The plaintiff has not enabled us to ascertain what would be the expense of carrying the cotton to the gin, the toll claimed by the keeper, the freight to market, or the charges attending the sale, so that we are unable to say whether the purchaser of the cotton at a cent and a half in the seed, had a better bargain than if he had purchased the witness' cotton at eight cents. We, therefore, assume that the cotton was sold by the sheriff at its fair value. It brought $228 21. The plaintiff is entitled to three-fourths thereof, or $171 15¾. The plea of the sheriff's co-defendants, that they did not authorize the seizure of the plaintiff's property, cannot avail them. It was seized by a person whom they had employed to make the amount of their judgment. They would have had the benefit of his services, had he acted correctly; and they are bound to indemnify the party who was injured if he acted otherwise. *Qui sentit commodum, debet sentire et onus.*

It is, therefore, ordered, that the judgment be annulled, and that the plaintiff recover from the defendants, *in solido*, the sum of $171 15¾, with costs in the District Court; those of the appeal to be borne by the plaintiff and appellee.

*Stevens*, for the plaintiff.

*L. Janin*, for the appellants.