## Succession of Jean Baptiste Desorme — Benjamin Poydras De Lallande, Syndic, Appellant.

The syndic of the creditors of an insolvent is responsible for the whole proceeds of the sale of the estate, as shown by the *procès-verbal* of the sale. Where credit is claimed for any sum, he must show that he used proper diligence to secure and collect the amount.

Interest will be allowed on debts due by estates administered by curators, executors, or administrators, if the estate be sufficient, from the death of the debtor, if then due, or, from the time of becoming due, if after that event, though no judicial demand have been made (C. P. 939) ; but this interest cannot exceed five per cent on debts, on which a higher rate has not been stipulated in writing by the terms of the contract.

Compound interest cannot be recovered.

Where the syndic of the creditors of an insolvent pays money without authority from the court, he cannot require that the persons so paid shall be made parties to any proceedings against him, to render him responsible for the sums thus paid.

Appeal from the Court of Probates of Pointe Coupée, *Cooley*, J.

*L. Janin*, for the appellant.

*T. J. Cooley*, contrâ.

Garland, J. This is the third time that this case has been before us. See 15 La. 15. 17 La. 111. After it was last remanded, the heirs of Desorme, who had obtained a reversal of the

judgment and a new trial, filed a specific opposition to the account presented by the syndic, in which they allege that it does not present a fair and full view of the manner in which he has administered the estate ; that a portion is concealed ; and that the proceeds of the sale, and of a crop of cotton, are not fully accounted for. They aver that the account of debts paid is erroneous, and not supported by vouchers or legal proof; that compound interest, at the rate of ten per cent per annum, has been allowed on many claims against the estate which bore no interest at all, or only at the legal rate ; that improper charges against the estate have been made, and that just and legal credits have not been allowed; and, finally, that as an unfaithful administrator, the said syndic is not entitled to any commissions, or to be credited by a sum of $200, which is given as the cost of making out the account.

When the cause came on for trial, the syndic presented a number of vouchers in support of his account. They seem to have been admitted in evidence without objection, and we shall, therefore, give them all the weight they are entitled to. Previous to paying the debts, he did not seem to have considered it necessary to make out a list and classification of them, to be presented to the Probate Court for its sanction and order for payment, but took upon himself to judge of their validity. In many instances, he allowed interest at the rate of ten per cent per annum, on claims bearing no interest at all, and compounded at that rate. He did not show that he had used due diligence to collect all the money for which the estate was sold ; and other irregularities in the management of the succession, and delays in rendering an account were proved. The property was sold, in May, 1833 ; about $2500 was received, in cash, at that time, and the remainder became due in the month of March, in the years 1834, 1835, and 1836. By the terms of the sale, good security was to be taken for the purchase money, and a mortgage was retained upon the lands and slaves. No account was presented to the Court of Probates until the month of October, 1838, and then a credit for more than nine hundred dollars is claimed, for sums not collected, without the least evidence of

any diligence to collect the various sums composing that amount.

The Probate judge, after an examination of the account and vouchers, decided that the syndic must account for the proceeds of all the property sold, as he had not shown any diligence to collect the sums said to be still owing. Secondly, that he had no right to allow interest at the rate of ten per cent per annum on debts not bearing interest at that rate by agreement, much less to compound that interest, as was done in many instances. He held, as it finally appeared that the estate was able to pay all the debts, that interest at the rate of five per cent per annum was properly chargeable from the time of the decease of Desorme, and so reduced the account. Thirdly, it was decided, that the charge of compound interest on the claims bearing ten per cent per annum, was incorrect, and ought not to be allowed. Upon these principles the account was settled and reduced, and a judgment for $1,467 44, with interest at the rate of ten per cent per annum, from the 1st day of April, 1836, was given against the syndic, from which he has appealed. The charges for commissions, and the sum of $200, the expense of rendering the account, were allowed.

The present counsel for the appellees, asks us to dismiss this appeal, because the record was not filed in this court in proper time. We think this motion ought not to prevail, as the counsel for the appellant was, in our opinion, fully excused, if not entirely justified, in keeping the record in his possession, after the letter he received from the counsel of the appellees who preceeded the gentleman now employed, and the understanding consequent upon it. The motion involves no question of law, but depends upon the interpretation of an agreement entered into by counsel, then competent to conclude it.

Upon the bill of exceptions taken to the rejection of the deposition of judge Robin, we do not find it necessary to express any opinion. The object of it was simply to prove, that when the syndic filed his account in 1838, the usual notices, by advertisement, were given, and a call made on all persons interested to come forward and oppose its homologation, if they thought proper. The present opponents do not complain of a

want of notification, and the appellant is not in any manner injured by the rejection of the evidence. The objections to the account are entirely to the merits, and vouchers filed in support of it; and the fact of notice being given, has not the least influence upon our minds in coming to the conclusions we have arrived at.

We are of opinion upon the merits, that the probate judge was correct in holding the syndic accountable for the whole amount of the proceeds of the sale, as it appears on the *procès-verbal*. If a credit for any sum is claimed, it is the syndic's duty to prove that he had, in the first instance, used all proper diligence to secure and collect the money. It is not sufficient, as is done in this case, merely to say that the debtors are in delay, without an effort being made to collect the debts after a lapse of more than six years. This doctrine is too plain to admit of argument, or to require authority to sustain it.

We are further of opinion, that the judge was correct in deciding that the syndic had no right to pay interest at the rate of ten per cent per annum, and to compound it on debts and claims not bearing interest by the terms of the contract. Article 989 of the Code of Practice allows interest on debts, if the estate be sufficient, from the death of the debtor, if the debts were due at that time, if not, from the time they became due. But this does not authorize an allowance of ten per cent; that is only due when specially agreed upon in writing. The legal rate is five per centum, and the syndic was wrong in paying any more. In the early part of his administration, the syndic seems to have had doubts as to the propriety of paying interest at the rate he charges, and, in some instances, it is specified in the receipts, that the interest shall be repaid if it is not legal or rightfully received. Contrary to all expectation this succession turned out to be solvent, and the creditors were entitled to all the law allowed them; but, in the first instance, there was every reason and inducement for caution and a strict compliance with the law, as the estate was supposed to be insolvent; yet the syndic appointed by the creditors, as we have before said, omitted entirely to make a list and classification of the debts, and to obtain the order of the judge to pay them. The

responsibility for any errors must, therefore, rest upon him. The allowance and payment by the syndic of compound interest on the debts bearing, by contract, ten per cent interest, was, in our opinion, equally unjustifiable and illegal as on the other debts, and the judge was correct in reducing the account in this respect also.

The counsel for the appellant insists that, as these payments were made and an account of them presented to the judge, and approved by him, before the present opposition was filed, the appellant is not responsible, unless the creditors who received these sums be made parties, and he relies upon the decision of this court in the case of *Millaudon* v. *Cajus*, 6 La., 222. We do not think they are parallel cases. · It is possible that had the syndic presented a list and classification of the debts to the Court of Probates, charging the interest and compounding it as he has done, and obtained an order to pay in that manner, it might be necessary to bring in the creditors to get it back again; but when a syndic, or other fiduciary, entirely disregards the plain provisions of the law, and pays without authority, he must take the consequences. He cannot send the heirs in search of those to whom he has illegally paid the money of the estate, and get a credit for it in a settlement with them; he must himself take the necessary means to get it back again.

The counsel further contends, that the appellant is not responsible for interest at the rate of ten per cent per annum on the sum he is indebted to the heirs. Until the act of 13 March, 1837 (Bull. & Curry's Dig. p. 499), this was possibly true; but the 6th section of that act makes it the duty of every syndic, or other representative of a succession, to render an account to the Court of Probates at least once in every twelve months, and, on his failure to do so, imposes the obligation of paying ten per centum per annum interest. The appellant failed for more than five years to render an account; he had money belonging to the estate in his hands for a long time, without paying the debts, and thereby caused the claims for interest to be considerably increased against the estate. We think substantial justice has been done between the parties.

It is, therefore, ordered and decreed, that the judgment be affirmed, with costs.

### SAME CASE—ON A RE-HEARING.

Under the 6th section of the act of 13th March, 1837, requiring executors, admini-
strators, curators, and syndics to render full and fair accounts of their admini-
stration, at least once in every twelve months, under pain of dismissal from office,
and of being condemned to pay interest at the rate of ten per cent a year on all
sums for which they may be responsible, from the expiration of the twelve months,
the payment of such interest is a part of the penalty, and necessarily coupled with
the removal from office, and one cannot be imposed without the other; and such
penalties can be only inflicted in cases which have arisen since the promulgation
of the act.

The syndic of a succession found, after an examination of his accounts, to owe a
balance to the estate, should be condemned, like a curator or executor, to pay
interest thereon, at the rate of five per cent a year, from the date of the judg-
ment. C. P. 1007.

*L. Janin*, for a re-hearing. The Probate Court allowed on
the balance found against the administrator, ten per cent in-
terest, for eight years, from the time when the notes given for
the purchase of the property fell due.

The Probate Court quoted no authority for this decision. This
court considered it justified by the 4th and 6th sections of the
act of 1837. This statute provides for a very different case:
at all events it cannot produce a retroactive effect, and be con-
strued as imposing a penalty for acts or omissions anterior to
its passage. It has been twice expressly decided that it does
not apply to syndics or administrators appointed before its pas-
sage. *Rodriguez* v. *Dubertrand*, 1 Rob. 535. *Yard, &c.* v. *Their
Creditors*, 2 Rob. 401.

But the case of *Thomas, Administrator*, v. *Bourgeat, Executor*,
1 Rob. 406, is so perfectly identical with this, that instead of
further argument, the appellant will only transcribe the deci-
sion. That also was a suit against the administrator of a suc-
cession; the court *a qua* was also the Probate Court of Pointe
Coupée, which, in that case, as well as in this, gave ten per
cent interest on the balance due by the administrator, from the
maturity of the notes given by the purchasers of the property
of the estate. The judgment of the Probate Court was reversed,
and this court said: " The court, however, gave interest on the
balance found due at the rate of ten per cent per annum, under

the sixth section of the act of 1837, which requires executors, administrators, &c., at least once in twelve months, to render a full account of their administration, under the penalty of being dismissed from office, and paying interest at that rate on all sums for which they shall be responsible, from the date of the expiration of the twelve months. We are of opinion that this statute is inapplicable in the present case. Such a penalty can be given only in cases expressly provided for; and, as the payment of interest forms a part of the penalty, and is necessarily coupled with a removal from office, the one cannot be given without the other. Nor is it justified by the fact that the price of the property sold, belonging to the estate of Williams, bore interest, after maturity, at ten per cent. That stipulation would affect the purchasers, but not the administrator of the estate, who may have received payment from them."

GARLAND, J. The counsel for the syndic has called our attention to that portion of the judgment appealed from which allowed interest against his client at the rate of ten per cent per annum on the sum he is indebted to the heirs. Their counsel alleges that he is liable to pay interest at that rate, under the act of 13th March, 1837. B. & C.'s Dig. 499. We have attentively examined the provisions of the third and sixth sections of that act, and, after mature reflection, are of opinion, that, according to the interpretation given to them by several decisions of this court, the circumstances of the case do not bring the syndic under the operation of them. 1 Rob. 406, 535: 2 Ib. 401. The question then arises, from what date is the syndic responsible for interest, and the article 1007 of the Code of Practice, it appears to us, fixes the rate, and time from which it should run. It says, that if, from a scrutiny of the account, the curator, executor, &c., shall appear to owe a balance, he shall be sentenced to pay it to the heirs or other claimants, with interest from the day of judgment. The syndic of the succession of Desormes may be likened to an administrator or executor, and is liable to pay interest in the same manner. The judgment of the Probate Court must, therefore, be modified, so as to disallow interest at the rate of ten per cent per annum, from April, 1836.

It is, therefore, ordered and decreed, that the judgment be affirmed so far as it condemns the syndic, Benjamin Poydras de Lallande, to pay to the heirs of Jean Baptiste Desorme, deceased, the sum of fourteen hundred and sixty-seven dollars and forty-five cents; but, as to the interest thereon, at the rate of ten per cent per annum, it is annulled and reversed; and we do order and decree, that said syndic do pay interest on the aforesaid sum of $1,467 45, at the rate of five per centum per annum, from the 16th day of February, 1842, until paid; the said heirs paying the costs of this appeal, and all those in the Court of Probates to be paid by the said Benjamin Poydras de Lallande.