### LOUIS V. PORCHE v. A. LEDOUX.

The new tutor is the proper person to call on the former tutor to account, and has the faculty of standing in judgment for the minor, as regards that cause of action.

Art. 615 C. P., as amended by the Act of 1826, does not imply the nullity of a judgment when a minor has been regularly represented according to law.

The Art. 615 finds its application in the case (among others) where the tutor renders his account to the under tutor, the minor in this instance not being fully represented *on the rendition of the account*.

A judgment regularly rendered between the new tutor and the former tutor of a minor, will sustain the plea of *res judicata*, in an action brought by the minor, arrived at his majority, against his former tutor.

APPEAL from the District Court of West Baton Rouge, *Robertson*, J.

*U. B. & E. Phillips*, for plaintiff and appellant. *A. Provosty*, for defendant.

MERRICK, C. J. *Madame C. Porche*, the mother of the plaintiff, was confirmed as his tutrix in 1834. She continued as such until 1841, when she resigned her office on account of her health, and the defendant was appointed dative tutor to the plaintiff. She rendered her account to the new tutor, and the same was homologated. The defendant acted as tutor until 1846, when he resigned, and *Madame Porche* was reappointed. He rendered his account in the District Court to *Madame Porche*, the tutrix, and this account was also homologated.

In 1852 the plaintiff having arrived at the age of majority, instituted his action against his mother, as tutrix, calling upon her to render her account. In accordance with his demand she rendered an account, wherein she credited the plaintiff with the amounts received from the defendant under his account.

The minor opposed the account of the tutrix, which was amended by the decree of the court, and so homologated.

The plaintiff in his petition alleges that the account of the defendant, *Ledoux*, rendered in 1846, is erroneous, and contains illegal charges which are set forth at length in the petition. He prays that the account be amended, so as to increase the amount of capital charged to the tutor ; that the items of credit allowed him be stricken out, and that plaintiff have judgment for such amount as may be found due him upon such final settlement.

To this petition the defendant pleaded several exceptions, the only one which it is important to notice is that of *res judicata.*

In the case of *Monget*, tutor, v. *Walker*, 3 An. 214, it was held that the new tutor was the proper person to call the former tutor to account. If so, he has power to stand in judgment at it regards that cause of action, and it must have that effect upon the rights of the minor which a judgment between any other person and the new tutor would have.

It is provided by Article 615 of the Code of Practice, that "A judgment rendered against a minor may be rescinded, if such minor show either that his cause has not been well defended, or that he has been aggrieved by such judgment. But, that action shall be prescribed if four years have elapsed after the minor has arrived at the age of majority : nor can it be brought by the curator or tutor during the minority of their ward." This Article was amended by the statute of 1826, which declared, that "Art. 615 shall not be taken or construed to imply the nullity of a judgment where a minor has been regularly represented according to law." Acts 1826, 72, § 12.

The minor was properly represented in the rendition of the account of *Ledoux* by the new tutrix, because there was no other person competent to receive or contest it except the tutrix, and it would be unreasonable to hold that the account between a former tutor, or the succession of a former tutor and the new tutor must remain open until a minor, perhaps of tender years, arives at the age of majority.

The case is different when the tutor renders his account to the *under tutor*. There the minor is not fully represented *in the rendition of the account*, and no doubt the Article 615 finds its application in that event as well as in other cases where the minor has not been regularly represented in the proceeding.

We think the plea of *res jadicata* was properly sustained, and it is evident, from the foregoing reason, that if the amendment praying for the nullity of the judgment of 1846 had been allowed it would not have changed the result.

Judgment affirmed.