Guilbeau *vs.* Millard.

---

*J. D. Watkins* for Plaintiff.    *L. B. Watkins* and *McDonald* for Defendant.

The action was for a settlement of a partnership in a saw mill business.    The plaintiff annexes to his petition exhibits from the partnership books, and a list of accounts and book charges, which he alleges, were turned over to Chaffe for collection, and which he either did collect, or ought to have collected.    The defendant avers that the plaintiff sold a large quantity of lumber to irresponsible parties, from whom nothing was or could be made, and that the express agreement was that each partner thus selling should be responsible for what he sold.    Each claims that the other is indebted to him in a large sum. The district judge non-suited both parties.

---

. No. 986.

J. S. GUILBEAU, ADMR., VS. EDWARD M. MILLARD.

A purchaser of a tract of land at a succession sale, who has a special mortgage and vendor's lien upon it, may withhold the amount of his bid if not more than his mortgage, and need only give bond conditioned for the payment of such privileged claims as may be decreed to have preference over his vendor's lien, or pay over the amount of such privileged claims, if they are already ascertained and allowed.

An executor may buy for the succession he is administering, a tract of land, upon which his testator has a mortgage and vendor's lien, for the purpose of saving the debt, and bringing back the property to the succession.

APPEAL from the District Court for St. Landry.    BAILLIO, J. *ad hoc.*

Guilbeau *vs.* Millard.

*Garland* for Plaintiff Appellant.  *Lewis & Breaux* and *Martel* for Defendant.

MANNING, C. J.   This is petitory action against the defendant in his individual capacity for the recovery of a tract of land.

This land was formerly the property of Robert E. Smith, and was sold at his succession sale, the defendant being his executor and was purchased by Edrige Guilbeau who executed her notes for the price in conformity to the prescribed terms of sale.

Suit was subsequently instituted on one of these notes by Millard as executor of Smith, and judgment obtained with recognition of his vendee's lien and special mortgage.

Madame Guilbeau died in 1866, and her son became her administrator.  The land in controversy, bought by her as above detailed, was inventoried among her succession effects, and was again sold under a decree rendered in the mortuary proceedings of her estate, and was bought by Millard as executor of Smith.

The terms of sale were cash, which he did not pay, but executed his bond, conditioned for the payment of all privilege claims and charges which might, on settlement of Edrige Guilbeau's estate, be decreed by the court to be preferred to the vendor's privilege of his intestate.   He claimed the right to withhold the amount of his bid, and to credit it upon his judgment which recognized a special mortgage and vendor's lien, and which it is manifest was the first lien upon the land, unless it should turn out that the succession privileges of Madame Guilbeau could not be paid by other property.   We have recently held in Suc. of Triche, 29 La. Ann. 384, that he could do so.

A mortgage creditor, who buys the property subject to his mortgage, cannot be compelled to pay the purchase money, which he is entitled to receive by preference, Rodriguez *v.* Dubertrand, 1 Rob. 535.

Millard as executor of Smith went into possession of the land, and has so remained ever since.

In 1873, the plaintiff presented to the Parish Court his tableau, classifying the debts of his mother's estate, upon which the debts due Smith's succession were ranked as an ordinary claim, which was opposed by Millard as executor, and his contestation is undecided.

The present suit was filed in 1876, and the judge of the lower court, in rendering judgment in favor of the defendant, said that plaintiff should have awaited the action of the Parish Court upon the opposition to the plaintiff's tableau, and brought suit then, if at all, upon the bond furnished by Millard. He cannot maintain this action. The title of the succession that he represents had been divested by the adjudication made to Millard as executor, who bought in that capacity solely for the purpose of bringing back the property into the succession and to save a debt thereof, and being without present title he cannot succeed in an action of this kind.

*Judgment affirmed.*