On Rehearing.
MONROE, J.
It appears from the record that Henry Carstens qualified as dative tutor of the minors Begué, in whose favor a mortgage was recorded against him; that Carstens died, leaving his wife as his universal legatee; . and that he was succeeded in the tutorship by John M. Coos, who in turn was succeeded by Peter C. Mahan, the present tutor. It further appears that Mrs. Carstens proceeded by rule against Mahan, tutor, and the recorder of mortgages, alleging that she had made a settlement, by notarial act, with Coos, as tutor, of the claims of the minors against her deceased husband, and had received from said Coos full acquittance and discharge- with respect thereto, and praying that defendants in rule be ordered to show cause why the mortgage mentioned should not be canceled. To this, one of the minors, apparently emancipated by marriage and aided by her husband, and Mahan, as tutor of the others, excepted that the rule discloses no cause of action, and the exception having been maintained, the plaintiff in rule has appealed.
Counsel for the appellees contends that “the mortgage in favor of a minor and against his tutor cannot be canceled except when the minor has reached the age of majority, or has been duly emancipated by judgment of court and a final account and settlement had”; that, ‘pending minority, all that the new tutor may do or has done is not final or conclusive against the minor.”
It is well settled that minors, properly represented, are as fully bound by judicial proceedings as majors who are duly cited. Heroman v. Louisiana Institute, 34 La. Ann. 805. It may also be considered well settled *1049 that, in the matter of the rendition of an account by an outgoing tutor, the minor is properly represented by the tutor who has succeeded to the position, and it has been said, and we affirm the proposition, that it would be unreasonable to hold that “the account between a former tutor, or the succession of a former tutor, and the new tutor must remain open until a minor, perhaps of tender years, arrives at the age of majority.” Porche v. Ledoux, 12 La. Ann. 351.
If, therefore, Carstens’ universal legatee, representing his succession, has, in a legal way, accounted to the new tutor for his gestión, the mortgage inscribed to secure the same ought to be canceled, and the only question with which we are called on to deal is whether, in alleging that ■ a full settlement and accounting has been effected extra-judicially, the plaintiff in rule discloses a cause of action for the cancellation of such mortgage.
The law requires the tutor to give an account of his administration at the expiration of his tutorship, and whenever he is ordered to do so by the judge. Civ. Code, art. 357. This requirement can, however, have no application to dead men. During his life an administrator is answerable to the court by which he has been appointed, and may be compelled to render an account of his administration, but after his death any balance due by him to the estate administered becomes a debt due by his succession, the payment of which can be ordered only by the court in which that succession is administered, and it is in that court that his account is to be rendered. Thomas, Adm’r, v. Bourgeat, Ex’r, 1 Rob. 403; Same v. Same, 6 Rob. 435 ; Succession of Rachal, 12 La. Ann. 717; Stafford v. Succession of McIntosh, 38 La. Ann. 666. The same is true of a tutor. During his life he owes such accounts as the law requires tutors to render to the court by which he has been appointed, but at his death any balance due by him to his wards becomes a debt of his succession, and must be there recovered, or, if there be a universal legatee in possession, from him; but the legatee owes no account as tutor, and his settlement of the debt due in that capacity by his testator may be made with the new tutor as the settlement of any other debt may be made, i. e., extra judicially or otherwise. Whether, in the instant case, the plaintiff in rule has made the settlement which she alleges that she has made, is a question of fact. If she has, the rule should be made absolute; if she has not, it should be dismissed.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, tuid that this case be remanded to the court a qua, to be there proceeded with according to law.