## CONNELL v. BERNHARDT PAINT CO.

---

(October 18, 1926. Opinion and Decree.)
(November 2, 1926. Rehearing Refused.)
(April 11, 1927. Judgment Affirmed by Supreme Court on Writ of Certiorari and Review.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Sheriffs and Constables—Par. 35, 38, 49—Execution—Par. 199.**
A constable who, in execution of a writ of fi fa, seizes the property of a third person, is liable in damages, in solido, with the judgment creditor.

Appeal from Civil District Court, Division "E". Hon. William H. Byrnes, Jr., Judge.

Action by John P. J. Connell against David Bernhardt Paint Company, tLd.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

WESTERFIELD, J. Plaintiff sues the constable of the First City Court and David

Bernhardt Paint Company, Ltd., in solido, in the sum of $1500.00, as damages, alleged to be due on account of the illegal seizure of plaintiff's property.

There was judgment below in plaintiff's favor for $200.00. Defendants have appealed, and plaintiff asks an increase in the award.

The illegality of the seizure is admitted. The only question for consideration is the amount due plaintiff. Defendants insist that the award should be nominal. They contend that their action was without malice and with probable cause and no serious injury resulted therefrom. We are referred to the following authorities:

"Where judgment creditor in execution of his judgment causes the property of a third person to be seized under the mistaken idea that it belonged to the judgment debtor, but there is no malice shown and no serious injury is inflicted by the seizure, the court will not allow more than actual damages."

Kent vs. Keyman, 7 Orl. App. 399.

"Where no serious injury is shown to have been sustained by the plaintiff, and defendant acted without malice, the damages will be nominal only."

Presas vs. Lanata, 11 Robinson 288.

"In no event can vindictive or exemplary damages be recovered, when defendants acted without malice and with probable cause. The measure of damages in such a case is the amount of the actual loss proved to have been the direct and approximate result of the attachment."

Byrne & Co. vs. Gardner & Co., 33 La. Ann. 6.

The facts in the cases cited bear little resemblance to the facts in the case at bar. Plaintiff in the instant case is entitled to substantial damages.

The defendant, David Bernhardt Paint Company, Inc., obtained a judgment and caused a fi fa to issue against John R. Connell. In execution of the fi fa, the constable, acting upon the instruction of the judgment creditor, seized the household furniture contained in the premises occupied by the judgment debtor. The furniture belonged to the debtor's father, plaintiff herein, whose name is John P. J. Connell. The similarity of the names of father and son and the fact that the furniture was found in the premises occupied by the debtor are circumstances which, though they do not excuse, must be considered in mitigation of the conduct of the defendants. The sheriff, however, must know that the property seized is the property of his debtor and he takes the property of third persons at his peril.

"An action lies against a sheriff who seizes goods other than those of the defendant in execution."

Peet vs. Morgan, 6 Martin (N. S.) 137.

"The plea of the sheriff cannot avail him. He was authorized to seize the property of defendant in execution, and become a trespasser by seizing that of a third person. hTe instruction of the plaintiff affords him no protection."

Yocum vs. Bullett, 6 Mart. (N. S.) 324.

"A sheriff must, at his peril, avoid seizing, under execution, any other property than that of the defendant. It is not enough that he should presume, even on strong grounds, that the property is the defendant's; he must know it. A person whose property is illegally taken by the sheriff, as belonging to the defendant in execution, is not bound on receiving information of the fact, to give any notice to the sheriff. He may at once seek relief by a suit, unless he wishes to avoid costs by making an amicable demand."

Duperron vs. Wickle, 4 Rob. 39.

Moreover, defendants were informed that the furniture belonged to plaintiff before the seizure was effected and upon the first call of the constable at the premises by

plaintiff's daughter (plaintiff being absent), who also stated that the plaitniff's son, the judgment debtor, owned no property on the premises. Ignoring this information the constable, after consulting with the counsel of the judgment creditor, codefendant herein, returned to the house with a wagon with the intention of carting off the household effects, and upon being refused admittance obtained an order permitting forcible entry, and, with a police officer, effected an entrance and removed the furniture.

We are referred to Perry vs. Junius Hart Piano House, 10 Orl. App. 170, where $400.00 was allowed for the illegal seizure of a piano; to Boniel vs. Black, 44 La. Ann. 514, 10 South. 869, where $500.00 was allowed for the illegal seizure of furniture by a landlord; to William Van Wren vs. Hugh Flynn, 34 La. Ann. 1158, where $750.00 was allowed for the improper seizure of household furniture.

We are of opinion that special circumstances distinguish all of the cited cases from the case at bar and have concluded to affirm the judgment of the lower court awarding plaintiff $200.00, and it is so ordered.